CHASE ADAM MARSH,

     Petitioner,

v.                                          Civil Action No. 3:19CV99

LESLIE FLEMING,

     Respondent.

## MEMORANDUM OPINION

Chase Adam Marsh, a Virginia inmate proceeding pro se, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1).[1] Respondent moves to dismiss, inter alia, on the ground that the action is barred by the statute of limitations. Marsh has responded. For the reasons set forth below, the Motion to Dismiss (ECF No. 11) will be granted.

## I. PROCEDURAL HISTORY

Marsh was convicted in the Circuit Court of Caroline County of abduction with intent to defile, anal sodomy, and oral sodomy. (ECF No. 13-3, at 1-2.) Marsh appealed his convictions. (Id. at 1.) On December 17, 2015, the Supreme Court of Virginia refused Marsh's petition for appeal. (ECF No. 13-6, at 1.)

---

[1] The Court utilizes the pagination assigned by the CM/ECF docketing system to the parties' submissions. The Court corrects the spelling, capitalization, and punctuation in the quotations from the parties' submissions.

On November 14, 2016, Marsh's mother filed a petition for a writ of habeas corpus with the Circuit Court of the City of Richmond. (ECF No. 19, at 6-7.) On April 12, 2017, the Circuit Court for the City of Richmond transferred the action to the Circuit Court for Caroline County. Marsh v. Fleming, No. CL16-5069 (Va. Cir. Ct. Apr. 12, 2017). In transferring the action, the Circuit Court for the City of Richmond observed that: "Pursuant to Va. Code § 8.01-654(B)(1) 'only the circuit court which entered the original judgment order of conviction or convictions complained of in the petition shall have authority to issue writs of habeas corpus.'" Id. On April 17, 2017, the Circuit Court of Caroline County filed Marsh's petition for a writ of habeas corpus. Id.

On January 4, 2018, the Circuit Court of Caroline County dismissed the petition for a writ of habeas corpus. Marsh v. Fleming, No. CL17000298-00, at 20 (Va. Cir. Ct. Jan. 4, 2018). Marsh filed a notice of appeal, but failed to timely file a petition for appeal. (ECF No. 13-7, at 1.)

On January 31, 2019, Chase placed his § 2254 Petition in the prison mail system for mailing to this Court. (§ 2254 Pet. 56.) The Court deems the § 2254 Petition filed as of that date. See Houston v. Lack, 487 U.S. 266, 276 (1988). Marsh contends that he is entitled to relief upon the following grounds:

| | |
|---|---|
| Claim One | "Petitioner was subjected to multiple punishments for the same criminal acts." (§ 2254 Pet. 5.) |
| Claim Two | The court "prejudicially encouraged the jury to speed up their deliberations." (Id.) |
| Claim Three | "The Court erroneously refused to dismiss juror who would not apply the law or concept of burden of proof was the prosecutions, the defendant's right not to testify, and the presumption of innocence." (Id.) |
| Claim Four | "Denied effective assistance when juror expressly admits bias on voir dire without a court response or follow-up." (Id.) |
| Claim Five | "Denied effective assistance when defense attorney failed to rely on the exceptions of the rape shield law, permitting the introduction evidence." (Id.) |
| Claim Six | "Denied due process because he was not mirandized while in the custody of the Regional Jail as instructed under the U.S. Department of Justice Final Rule of the Prison Rape Elimination Act." (Id. at 5-6.) |
| Claim Seven | "Prosecutorial misconduct, allowing a witness testimony about a nolle prosequi case with similarities to the trial case." (Id. at 6.) |
| Claim Eight | "The result of the cumulative errors of counsel, i.e., errors that, although not prejudicial individually are cumulatively prejudicial." (Id.) |

## II.  ANALYSIS

### A.  Statute Of Limitations

Respondent contends that the federal statute of limitations bars Marsh's claims.  Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a

3

petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

> 1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>     **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>     **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>     **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>     **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> 2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

**B.   Commencement And Running Of The Statute Of Limitations**

Marsh's judgment became final on Wednesday, March 16, 2016, when the time to file a petition for a writ of certiorari expired. See <u>Hill v. Braxton</u>, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he

4

one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); Sup. Ct. R. 13(1) (requiring that a petition for certiorari be filed within ninety days of entry of judgment by state court of last resort or of the order denying discretionary review). Thus, Marsh had one year, or until March 17, 2017, to file his § 2254 Petition with this Court. He did not do so. Therefore, the present action is barred by the statute of limitations. As explained below, Marsh's state habeas petition filed in wrong state court on November 14, 2016 does not render his § 2254 Petition timely.

### C. Marsh Is Not Entitled To Statutory Tolling

Marsh insists that his claims were timely filed because he filed a petition for writ of habeas corpus in the Circuit Court of City of Richmond within one year after his conviction became final. Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a <u>properly filed</u> application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitation period. <u>Id.</u> (emphasis added). "[A]n application is '<u>properly</u> filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000). These

rules and laws "usually prescribe, for example, the form of the document, the time limits upon its delivery, <u>the court and office in which it must be lodged</u>, and the requisite filing fee." <u>Id.</u> (emphasis added) (footnote omitted) (citations omitted). Accordingly, Marsh's state petition for a writ of habeas corpus, which initially was filed in the wrong court, did not toll the limitation period under 28 U.S.C. § 2244(d)(2). <u>Villafana v. Virginia</u>, No. 3:12CV141, 2012 WL 6737792, at *2 (E.D. Va. Dec. 28, 2012) (citation omitted). By the time that petition was filed in the proper court on April 17, 2017, the one-year limitation period had expired.

## D. Marsh Fails To Demonstrate Entitlement To Equitable Tolling

Without explicitly invoking the doctrine of equitable tolling, Marsh suggests that the Court should deem his § 2254 Petition timely because of his limited legal experience and his lack of legal assistance. (ECF No. 19, at 8-10.) The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." <u>Holland v. Florida</u>, 560 U.S. 631, 649 (2010) (quoting <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005)). Ignorance of the law and lack of legal assistance upon the conclusion of direct appeal are not extraordinary

circumstances that warrant the tolling of the limitation period. See <u>United States v. Sosa</u>, 364 F.3d 507, 512 (4th Cir. 2004) (citing <u>Cross-Bey v. Gammon</u>, 322 F.3d 1012, 1015 (8th Cir. 2003); <u>United States v. Riggs</u>, 314 F.3d 796, 799 (5th Cir. 2002); <u>Delaney v. Matesanz</u>, 264 F.3d 7, 15 (1st Cir. 2001); <u>Marsh v. Soares</u>, 223 F.3d 1217, 1220 (10th Cir. 2000)). Thus, Marsh fails to demonstrate that he is entitled to any equitable tolling of the limitation period.

## III. CONCLUSION

Respondent's Motion to Dismiss (ECF No. 11) will be granted. The § 2254 Petition will be denied and the action will be dismissed. A certificate of appealability will be denied.

The Clerk of the Court is directed to send a copy of this Memorandum Opinion to Marsh and counsel of record.

_____ /s/ *REP*

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: October _11_ , 2019